IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



EDWARD PULLIN and
LILLY PULLIN                                                                PLAINTIFFS

VS.                                        CIVIL ACTION NO. 4:09cv125-DPJ-JCS

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                     DEFENDANT

## COMPLAINT

COMES NOW, Plaintiffs, EDWARD PULLIN and LILLY PULLIN, by and through counsel, and files this Complaint against Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and in support would show as follows:

**Parties:**

1. Plaintiffs, Edward Pullin and Lilly Pullin, are adult resident citizens of Neshoba County, Mississippi, whose address is 10250 County Road 234, Union, Mississippi 39365.

2. Defendant, Allstate Property and Casualty Insurance Company, is a Delaware Corporation in good standing, licensed and doing business within the State of Mississippi, and may be served with process of this Court by serving its registered agent, C. T. Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### Jurisdiction and Venue:

3. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00 and there exists diversity of citizenship between the parties, and venue is proper as the cause of action giving rise to this suit occurred within Neshoba County, Mississippi.

### Factual Background:

4. On or about the 5th day of August, 2009, Plaintiffs' house caught on fire. At the time of said fire, Plaintiffs' home was insured by a homeowner's insurance policy issued by Defendant, under which Plaintiffs were entitled to insurance compensation benefits.

5. Plaintiffs submitted all information, records and reports arising from the fire to Defendant directly and expected their insurance policy to cover their losses.

6. After reviewing Plaintiffs' claim, Defendant has refused to pay for any losses resulting from the fire, without any legitimate or arguable reason.

7. At all times material hereto, Defendant insured Plaintiffs, and acted by and through its agents, employees and other representatives, all of whom should be held liable for their wrongful actions toward Plaintiffs, and all of whose wrongful actions should be imputed to Defendant.

### Causes of Action:

#### *Count 1 – Bad Faith*

8. To avoid repetition, Plaintiffs adopt and re-allege paragraphs 1 through 7 of the Complaint as though fully set out here again.

9. Defendant has failed to pay the benefits legally due Plaintiffs, without giving any legitimate or arguable reason for failing to pay. The failure of Defendant to pay said benefits was done intentionally, maliciously, willfully and in bad faith, such that its actions rise to the level of an independent tort, for which Defendant is liable for actual and punitive damages.

### *Count 2 – Intentional Infliction of Emotional Distress*

10. To avoid repetition, Plaintiffs adopt and re-allege paragraphs 1 through 9 of the Complaint as though fully set out here again.

11. Defendant has willfully and intentionally inflicted severe mental anguish and emotional distress upon Plaintiffs, without regard to Plaintiffs' rights, for which Defendant is liable for actual and punitive damages.

### *Count 3 – Negligent Infliction of Emotional Distress*

12. To avoid repetition, Plaintiffs adopt and re-allege paragraphs 1 through 11 of the Complaint as though fully set out here again.

13. Defendant has negligently inflicted severe mental anguish and emotional distress upon Plaintiffs without regard to the rights of Plaintiffs, for which Defendant is liable for actual and punitive damages.

### *Count 4 – Negligence*

14. To avoid repetition, Plaintiffs adopt and re-allege paragraphs 1 through 13 of the Complaint as though fully set out here again.

15. Defendant owed a duty to Plaintiffs to properly administer their claim for homeowner's insurance benefits. Defendant breached this duty by negligently failing to

properly administer said homeowner's insurance claim and failing to pay benefits legally due Plaintiffs, for which Defendant is liable.

### *Count 5 – Breach of Contract*

16. To avoid repetition, Plaintiffs adopt and re-allege paragraphs 1 through 15 of the Complaint as though fully set out here again.

17. Plaintiffs entered into a valid and binding contract with Defendant, whereby Defendant agreed to insure Plaintiffs from various losses due to fire of the dwelling located at 10250 County Road 234, Union, Mississippi, including, but not limited to, the time during which said residence caught on fire, in August of 2009.

18. Defendant breached this agreement by failing and refusing to pay the claim made by Plaintiffs for losses incurred as a result of said theft.

### *Count 6 – Breach of Duty of Good Faith and Fair Dealing*

19. To avoid repetition, Plaintiffs adopt and re-allege paragraphs 1 through 18 of the Complaint as though fully set out here again.

20. Defendant owed a duty of good faith and fair dealing to Plaintiffs pursuant to the insurance agreement which is the subject of this action. Defendant breached this duty by refusing to cover losses incurred during the policy period and prior to any notice of termination of said contract, for which Defendant is liable for actual and punitive damages.

### *Count 7 – Punitive Damages*

21. To avoid repetition, Plaintiffs adopt and re-allege paragraphs 1 through 20 of the Complaint as though fully set out here again.

22. Defendant has willfully, wantonly, and/or with gross negligence and reckless indifference to the rights of Plaintiffs, intentionally refused to pay the benefits legally due

and has inflicted severe mental anguish and emotional distress upon Plaintiffs. The wrongful acts of the Defendant are characterized by such outrageous conduct, aggravation, willfulness, wantonness, malice, gross negligence, recklessness, oppression, insult or gross fraud, as to entitle Plaintiffs to recover punitive damages in an amount to be determined at the trial of this matter.

### Damages:

23. Plaintiffs have sustained the loss of the use of their home and furnishings, monetary damages, attorneys' fees, legal expenses reasonably and necessarily incurred, and such other monetary damages as have been actually sustained by Plaintiffs, in an amount to be determined at trial.

24. Plaintiffs have further suffered emotional distress and harm as a direct result of the willful and fraudulent acts of Defendant, or alternatively Defendant's conduct was the substantial contributing factor to the emotional distress and damages suffered by Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request judgment and demand relief as follows:

a. Past, present and future actual and compensatory damages, attorneys' fees, costs, pre- and post-judgment interest, and any other, further and different relief this Court deems just and proper against Defendant, for Plaintiffs, in an amount to be determined at trial; and,

b. A sufficient amount of punitive damages to deter Defendant from like conduct in the future, in an amount to be determined at trial.

FINALLY, Plaintiffs request a trial by jury, as well as any other relief, either general or specific, to which they may be entitled.

Respectfully submitted,

EDWARD PULLIN and
LILLY PULLIN

BY: _____
J. PEYTON RANDOLPH, II

COUNSEL FOR PLAINTIFFS:

LAW OFFICES OF J. PEYTON RANDOLPH, II
J. PEYTON RANDOLPH, II (MSB# 4620)
FRANCIS D. INGRAM (MSB# 103054)
613 STEED ROAD
RIDGELAND, MISSISSIPPI 39157
TELEPHONE (601) 605-8537
FACSIMILE (601) 605-8539

SHERRIE L. DEWOLF (MSB# 102264)
ATTORNEY AT LAW
613 STEED ROAD (RIDGELAND 39157)
POST OFFICE BOX 23192
JACKSON, MISSISSIPPI 39225-3192
TELEPHONE (601) 853-3773
FACSIMILE (601) 605-8539